#### IN THE

# SUPREME COURT

#### OF THE

# STATE OF LOUISIANA.

EASTERN DISTRICT, MARCH TERM, 1827.

*DUFAU* vs. *DEGRUYS.*

APPEAL from the court of the first district.

The vendee of a tract of land to which was attached a right of pre-emption of the land in the rear, and who, while in possession, bought the same from the U. S. remains the proprietor thereof, tho' the sale to him of the front tract be subsequently rescinded.

MATTHEWS, J. delivered the opinion of the court. This suit is brought to recover a tract of land which was purchased by one Deflechier, as owner of the front tract on the Mississippi, in pursuance of a preference granted by the laws of the United States to front proprietors, in purchasing land immediately in the rear of their possessions; and which was sold by him to the defendant, in whose favour judgment being rendered in the court below, the plaintiff appealed.

The evidence of the case, as gathered from

the record and documents therein referred to, seems to establish the following facts :—The appellant sold the front tract of land to Deflechier, on the 8th of February, 1822, together with a number of slaves, as mentioned in the act of sale, the price stipulated for the whole property being sixty-three thousand dollars; three thousand of which were paid as acknowledged by the seller, and the balance to be paid in annual instalments ; while Deflechier owned and held the tract thus purchased by him, viz. :—on the 19th of March of the year above stated, he applied for, and finally purchased and paid the price of the land in the rear of the plantation, which he then held as owner ; and, afterwards, on the 18th of September in the same year, sold it to the defendant, by act under private signature. On the 12th of June, 1823, Deflechier failed, and made a cession of his property, &c. The sale from Dufau to him has been rescinded in consequence of the non-payment of the price; and under this rescission, he now claims the property in dispute, as being an accessory or appendage to, and legally inseparable from, the front land, of which he is owner.

The only question of law which arises out

DUFAU
vs
DEGRUY.

of these facts, must be solved by an interpretation of the acts of Congress on the subject of pre-emption, in relation to the sale of the lands of the United States.

The law, under which the purchase was made, is found in an act of 1820, which revived and continued in force for two years, the 5th sec. of the act passed in March, 1811, which granted a preference to owners of land bordering on water courses, in becoming the purchasers of vacant land immediately in the rear of their front tracts. This right of preference or pre-emption, so long as it existed merely as such, and was not consummated by actual purchase of the back tract of land, remained an accessory and appendage of the front tract; but we are of opinion, that the moment the purchase was completed, it ceased to be any longer appurtenant and appended to the front property ; and was held by the purchaser in separate, complete and full ownership, and might legally be sold as separate, distinct and independent of the land in front. Until the rescission of the contract of sale, Beflechier must be considered as owner of the property sold ; and while he was owner, he made the purchase of the premises in dispute, and has since transferred them to the appellee.

Under the peculiar circumstances of this case, the plaintiff appears with little strength, indeed, in support of his present claim, as he suffered almost the whole term, limited for the exercise of the right of pre-emption, to elapse while he was actual owner and possessor of the front tract.

It is ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Lockett* for the plaintiff, *Grymes* for the defendant.